**Wiley Eugene ULMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53333.**

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Rehearing Denied Jan. 5, 1977.

Royal Caswell, Odessa, for appellant.

Emory C. Walton, Dist. Atty., Eastland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant waived a jury and pled nolo contendere to the charge of Retaliation contained in the indictment. Upon conviction in a trial before the court, punishment was assessed at ten years.

V.T.C.A. Penal Code, Sec. 36.06, Retaliation, reads:

"(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, or informant.

"(b) For purposes of this section, 'informant' means a person who has communicated information to the government in connection with any governmental function.

"(c) An offense under this section is a felony of the third degree."

The pertinent part of the indictment charges that on or about September 9, 1975, in Eastland County, appellant and four other named defendants:

" . . . did then and there knowingly and intentionally threaten to harm and did harm Oscar Hutchins by an unlawful act, namely: That the said defendants did then and there knowingly and intentionally cause serious bodily injury to the said Oscar Hutchins, in retaliation for and on account of the service of Oscar Hutchins, a witness in a Grand Jury pro-

ceeding in the United States District Court for the Western District of Texas, Midland Division, on or about March 6, 1975; . . ."

The record reflects that on March 6, 1975, Oscar Hutchins, in response to a subpoena, appeared as a witness before the federal grand jury empaneled by the United States District Court for the Western District of Texas in Midland and gave testimony in regard to an investigation of a highjacking of a United States mail truck involving, among others, this appellant. Thereafter, according to the testimony of Hutchins, appellant called him a "snitch" "every time he seen me" and on three occasions appellant told Hutchins he was "going to get" him, and on two occasions tried to run over him with an automobile.

On September 9, 1975, appellant and his four co-defendants went to Hutchins' home in Ranger to get even with him for "snitching" on them before the federal grand jury in Midland. There, appellant assaulted Hutchins, beating and choking him until appellant was stopped by one of his confederates to prevent him from killing Hutchins. As a result, Hutchins received many serious bodily injuries, necessitating hospitalization.

In two grounds of error, appellant contends the court erred in (1) overruling his motion to dismiss the indictment and (2) overruling his motion for arrest of judgment, both of which motions were based on appellant's contention that the State courts of Texas had no jurisdiction of the case.

Since the indictment alleged and the evidence showed that the retaliation was for Hutchins' service as a witness before a *federal* grand jury, the legal issue before this Court is whether the term "witness" as used in V.T.C.A. Penal Code, Sec. 36.06(a), supra, includes a person who has appeared and given testimony before a *federal* grand jury. Appellant says that "The alleged vic-

tim does not fulfill the elements of the Code to be a witness. He did not testify in an official proceeding of the State government, as defined in the Code."

As stated in the Explanatory Comment to Section 36.06, Retaliation, supra, in Vol. 3, Branch's Texas Annotated Penal Statutes, 3rd Edition,

"The purpose of this section is to raise the punishment for other offenses, such as assaults (Sec. 22.02) when the conduct is retaliatory. The section is not limited to criminal matters, but sufficiently broad to cover all public servants, witnesses and informants involved in legislative, administrative, and other proceedings.

"It should be noted that the service of a public servant [1] or witness [2] is not limited to governmental functions while the informant is by virtue of the definition in Subsection (b).

We do not agree with appellant's contention that the term "witness" as used in Section 36.06(a), supra, was meant to be limited to one who testifies in an official proceeding of the State government as the term government is defined in the Code. As stated in the commentary in Branch's, 3rd Edition, supra, the term "witness" is not limited to any governmental function, as is the term "informant." See 36.06(b), supra. We conclude that *as applied to the facts in the instant case,* "witness" applies to one who testifies before a federal grand jury or federal official proceeding in the same manner as it would apply to one who testifies in a State Court or before a State grand jury or other official State governmental agency.[3] This is so because the term is not limited by the statute and because the gravamen of the crime is the unlawful act causing or threatening harm committed in retaliation for or on account of the victim's services as a witness. If the

---

1. See V.T.C.A. Penal Code, Sec. 1.07(a)(30).

2. Not defined in the new Penal Code.

3. V.T.C.A. Penal Code, Sec. 1.07(a)(15); " 'Government' means the state; a county, municipality, or political subdivision of the state;

or any branch of the state, a county, municipality, or political subdivision."

Sec. 38.01(4) of the same code defines " 'Governmental function' includes any activity that a public servant is lawfully authorized to undertake on behalf of government."

Legislature had intended to limit the term "witness" to one who testified before an official proceeding of State government, "witness" would have been so limited in the same manner as was the term "informant" in Subsection (b) of Section 36.06, supra.

We hold that the trial court had jurisdiction over this cause and over this appellant and that the motions to dismiss the indictment and for arrest of judgment, both of which were based on lack of jurisdiction of the State court, were properly overruled.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, Judge (concurring).

I concur in the affirmance of this conviction, but would base that conclusion on different reasoning.

Appellant was charged with a violation of V.T.C.A., Penal Code Section 36.06(a), which provides:

"A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, or informant."

It is pointed out in the Practice Commentary to Sec. 36.06, supra, that " 'Witness' is not defined, but presumably the term will be construed to mean only one who testifies before an official proceeding, *cf.* Section 36.05; otherwise, location of the 'witness' part of the offense in this chapter would be inappropriate."

V.T.C.A., Penal Code Section 36.05, provides:

"Sec. 36.05. *Tampering with Witness*

(a) A person commits an offense if, with intent to influence the witness, he offers, confers, or agrees to confer any benefit on a witness or prospective witness in an official proceeding or coerces a witness or prospective witness in an official proceeding:

(1) to testify falsely;

(2) to withhold any testimony, information, document, or thing;

(3) to elude legal process summoning him to testify or supply evidence; or

(4) to absent himself from an official proceeding to which he has been legally summoned.

(b) A witness or prospective witness in an official proceeding commits an offense if he knowingly solicits, accepts, or agrees to accept any benefit on the representation or understanding that he will do any of the things specified in Subsection (a) of this section.

(c) An offense under this section is a felony of the third degree."

These two offenses are set out in Chapter 36, Bribery and Corrupt Influence, which is in Title 8, Offenses Against Public Administration. These two offenses also are the only ones in this chapter that speak of witnesses. Considering this and the requirement of Section 36.06, supra, that the acts be "in retaliation for or on account of the *service* of another as a . . . witness . . ." (emphasis added), I would construe "witness" to mean one who testifies in an official proceeding.

"Official proceeding" is defined in V.T.C.A., Penal Code Section 36.01(3) as "any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant authorized by law to take statements under oath."

"Public servant," as defined in V.T.C.A., Penal Code Section 1.07(a)(30), includes "(B) a juror or grand juror."

Under this construction of the cited offenses and definitions in the Penal Code, the issue before us in this case would reduce itself to whether "grand juror" in Sec. 1.07(a)(30)(B), supra, includes members of a federal grand jury. I would hold that it does, and on this basis I concur in the judgment.

ROBERTS, J., joins in this concurrence.